IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Leroy Archie, #317590,         )   Civil Action No.:2:13-3052-RMG-WWD
                             )
            Petitioner,  )
                             )   **REPORT AND RECOMMENDATION**
      v.                  )   **OF MAGISTRATE JUDGE**
                             )
Leroy Cartledge,          )
                             )
          Respondent.  )

      The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on upon Respondent's Motion for Summary Judgment(Dkt. No. 14; see also Dkt. No. 15) and Petitioner's Motion to Expand the Record (Dkt. No. 39).

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

      The Petitioner, then proceeding pro se, brought this habeas action on October 29, 2013. (See Dkt. No. 1 at 20 of 20; see also Dkt. No. 1-1 at 2 of 2.) On March 7, 2014, Respondent filed a Motion for Summary Judgment. (Dkt. No. 14; see also Dkt. No. 15.) By order filed March 10, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 16.) On or about May 6, 2014, Petitioner filed his Response in Opposition to the Motion for Summary Judgment. (See Dkt. No. 21; see also Dkt. No. 22; Dkt. No. 25.)

      On October 24, 2014, the undersigned appointed Attorney Jeremy Adam Thompson to represent Petitioner, concluding that "a hearing may be necessary to address, at minimum, the procedural default issues . . . ." (Dkt. No. 28 at 1.) After two telephonic conferences, Petitioner, through his attorney, filed a Supplemental Response in Opposition

to the Motion for Summary Judgment, a Motion to Expand the Record, and an Affidavit of Leroy Archie. (See Dkt. No. 38; Dkt. No. 39; Dkt. No. 46-1.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at McCormick Correctional Institution of the South Carolina Department of Corrections. In November of 2005, the Anderson County Grand Jury indicted Petitioner on charges of murder and possession of a firearm during the commission of a violent crime. (See R. at 387-88.) Petitioner was represented at trial by Andrew T. Potter, Esquire. (See R. at 1.) Petitioner proceeded to a jury trial before the Honorable Alexander S. Macaulay on September 11-14 of 2006. (See Dkt. No. 15-1 at 3 of 116; see also R. at 372-73.) The jury convicted Petitioner as charged, and Judge Macaulay sentenced Petitioner to life without parole on the conviction for murder and five years, subsumed in the sentence for murder, on the conviction for possession of a firearm during the commission of a violent crime. (R. at 308, 314.)

Petitioner appealed and was represented on appeal by Lanelle C. Durant of the South Carolina Commission on Indigent Defense. (See Dkt. No. 15-6.) In his Final Brief of Appellant, Petitioner raised the following issue:

> Did the trial court err in allowing the forensic pathologist to testify to the distance a person could travel after suffering a lacerated aorta?

(Dkt. No. 15-6 at 4 of 12.) On October 14, 2008, the South Carolina Court of Appeals issued an order affirming the convictions. (See Dkt. No. 15-8.) The matter was remitted to the lower court on October 30, 2008. (Dkt. No. 15-9.)

Petitioner filed an application for post-conviction relief ("PCR") on December 10, 2008. (R. at 316-24.) Therein, Petitioner asserted he was being held in custody unlawfully on the following grounds (verbatim):

> (1) Trial counsel ineffective in failing to object to the prosecution use of an invalid prior conviction for enhancement purposes wherein he was denied the right to counsel.

(2) Trial counsel ineffective in failing to properly preserve for appellate review the issue of whether the trial judge error in allowing the state pathologist to give speculative testimony outside his field of expertise.

(3) Trial counsel ineffective in failing to request for jury charge of lesser included offense of manslaughter where such was warranted based on the circumstances and evidence of the case.

(4) Trial counsel ineffective where during closing summation, he failed to adequately review, clarify, and sum up evidence of case for jury consideration.

(5) Trial counsel ineffective in failing to object or request for new trial base on the prosecution failure to disclose in-full the autopsy report as it involve test showing whether or not the victim had drugs or alcohol in her system.

(6) Trial counsel ineffective in failing to object to judge instruction charging jury on intent where such charge impermissible <u>require</u> the jury to find intent base on knowledge and conduct of the accused, without finding the element of intent beyond a reasonable doubt.

(7) Appellant counsel on appeal was ineffective in failing to raise the issue of whether the trial judge error in denying defense motion for directed verdict base on state failure to establish the essential elements of first degree murder beyond a reasonable doubt.

(8) Appellant was denied his Sixth Amendment right to effective assistance of counsel where trial judge denied his timely and legitimate request for a substitute counsel.

(R. at 322-24.) On September 29, 2009, Petitioner amended his PCR application, adding the following allegations (verbatim):

1) Trial counsel was ineffective in failing to call witnesses who's testimony was relevant to the applicant self-defense claim where counsel was informed of witnesses and their desire to testify on the applicant behalf.

2) Trial counsel was ineffective in failing to obtain in support of his self-defense claim information pertaining to doctor and police report of the applicant history of being abuse by the victim.

(Dkt. No. 15-11 at 2-3 of 6.) Petitioner amended "issue number 5, which pertain[s] to the prosecution['s] failure to disclose" certain evidence, to assert that trial counsel was ineffective in failing "to investigate and obtain the full autopsy report of the victim." (Dkt. No.

3

15-11 at 3 of 6.) On September 30, 2009, Petitioner amended his PCR application again, asserting, *inter alia*, that the trial judge "erred in denying applicant's request for substitution of counsel." (Dkt. No. 15-12 at 4 of 4; see generally Dkt. No. 15-12.)

On October 6, 2010, an evidentiary hearing was held before the Honorable J. Cordell Maddox, Jr. (See R. at 330-74.) Petitioner was present and represented by J. Chris Brown, Esquire. (See R. at 330.) In an order dated January 4, 2012, Judge Maddox denied the application for post-conviction relief and dismissed the petition. (R. at 372-85.)

Petitioner, through his attorney Robert M. Pachak of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari on May 15, 2012. (See Dkt. No. 15-14.)[1] Through counsel, Petitioner raised the following issue:

> Whether defense counsel was ineffective in failing to call witnesses to support his defense of self-defense?

(Dkt. No. 15-14 at 3 of 9.) Mr. Pachak also filed a petition to be relieved as counsel. (Dkt. No. 15-14 at 8 of 9.) Petitioner filed a *pro se* response to the Johnson petition, wherein he raised the following issues (verbatim):

> I. Whether defense was ineffective in failing to request for lesser included offense charge of manslaughter.
>
> II. Whether defense counsel was ineffective in failing to discover toxicology report of victim to present to the jury.
>
> III. Whether trial counsel was ineffective in failing to discover and or object to use of an invalid conviction [for] sentence enhancement purposes.

(Dkt. No. 15-17 at 2 of 18.)

In an order filed May 16, 2013, the Supreme Court of South Carolina denied the petition for writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 15-18.) The matter was remitted to the lower court on June 4, 2013. (Dkt. No. 15-19.)

---

[1] See Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

4

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

**GROUND ONE**: Ineffective assistance of counsel.

**Supporting facts:** Counsel failed to object to the prosecution use of an invalid prior conviction for enhancement purposes.

**GROUND TWO**: Ineffective assistance of counsel.

**Supporting facts:** Counsel failed to properly preserve for appellate review the issue of whether the trial judge erred in allowing the state pathologist to give speculative testimony outside his field of expertise.

**GROUND THREE**: Ineffective assistance of counsel.

**Supporting facts:** Counsel failed to request a lesser included jury charge of manslaughter.

**GROUND FOUR**: Ineffective assistance of counsel.

**Supporting facts:** Counsel failed to adequately summarize the evidence during closing summation.

**GROUND FIVE**: Ineffective assistance of counsel.

**Supporting facts:** Counsel failed to object and request a new trial when the prosecution failed to completely disclose the autopsy report of the victim.

**GROUND SIX**: Ineffective assistance of counsel.

**Supporting facts:** Counsel failed to object to the judge's jury instructions charging the jury on intent.

**GROUND SEVEN**: Ineffective assistance of appellate counsel.

**Supporting facts:** Appellate counsel failed to raise issue of whether the trial judge erred in denying defense counsel's motion for a directed verdict based upon the State's failure to establish the essential element of first degree murder beyond a reasonable doubt.

**GROUND EIGHT**: Trial judge erred in denying applicant's request for the substitution of counsel.

(Dkt. No. 1.)

5

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent

6

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 31 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## DISCUSSION

As noted above, Respondent seeks summary judgment in the instant case, and Petitioner seeks to expand the record. (See Dkt. No. 14; Dkt. No. 39; see also Dkt. No. 15.) For the reasons set forth herein, the undersigned recommends (a) granting Petitioner's Motion to Expand the Record (Dkt. No. 39), for the sole purpose of examining cause and prejudice to excuse the procedural default, and (b) granting Respondent's Motion for Summary Judgment (Dkt. No. 14).

### A.    Ground One: Failure to Object to Use of Prior Conviction

In Ground One, Petitioner asserts his trial counsel was ineffective in failing to object to the prosecution's "use of an invalid prior conviction for enhancement purposes." Petitioner asserts this prior conviction should not have been used to enhance his sentence because he was "denied the right to counsel" with respect to that previous conviction. (See Dkt. No. 1.)

This ground for relief is based upon the State's Notice of Intent to Seek Life Without Parole. (See R. at 310-11.) During the sentencing proceeding, Judge Macaulay stated,

> I find from certified records of the Anderson County Clerk of Court that the defendant, Leroy Archie, was sentenced on April 11, 1988 by the Honorable Frank Epps on an indictment for assault and battery with intent to kill arising out of an incident on August the 13th, 1987. I find that the same is a most serious offense under Section 16-3-620, or as 16-3-620, assault and battery with intent to kill, is a most serious offense under Section 17-25-45(a).

7

. . .

> In as much as provided that upon a conviction for a most serious offense, which murder is defined by Section 17-25-45(c)(1), a person must be sentenced to the term of imprisonment for life without the possibility of parole if they have been found and had prior convictions of a most serious offense, which is found by this Court, assault and battery with intent to kill.
>
> The Court so finding that the defendant, Leroy Archie, has been found guilty of a most serious offense, murder, and has a prior conviction for assault and battery with intent to kill under indictment number 1988-GS-04-590, it's the sentence of this Court that the defendant, Leroy Archie, on indictment number 2005-GS-04-2826, count 1, murder, that the defendant be sentenced to a term of imprisonment for life without parole in the State Department of Corrections.

(R. at 311-14.)

Respondent asserts Ground One is procedurally barred because "[w]hile Petitioner raised this claim in his PCR application, it was not ruled upon by the PCR court." (Dkt. No. 15 at 33.) "Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (quoting McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)). As the Fourth Circuit stated in Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004),

> [The] exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (internal quotation marks and citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"-which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 845, 847, 119 S.Ct. 1728. And this opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal

8

principles" associated with each claim. <u>Baker v. Corcoran</u>, 220 F.3d 276, 289 (4th Cir.2000) (citing <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). In other words, the ground must "be presented face-up and squarely." <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

<u>Longworth</u>, 377 F.3d at 448.

Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).[2] Pursuant to <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1315 (2012), "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." However, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Martinez</u>, 132 S. Ct. at 1318 (citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003)); <u>see also Trevino v. Thaler</u>, 133 S. Ct. 1911, 1918 (2013). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. <u>Martinez</u>, 132 S. Ct. at 1319.

Respondent is correct that there is no mention of the 1988 conviction at the PCR proceeding; the only evidence about Petitioner's previous convictions related to a different 2002 conviction. (<u>See</u> R. at 343-44.) Citing to <u>Martinez v. Ryan</u>, Petitioner asserts in his

---

[2]In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998); <u>see also</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995), or abandonment by counsel. <u>Maples v. Thomas</u>, 132 S. Ct. 912, 924 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)). Petitioner has not argued any of these alternatives.

9

Response in Opposition that he can show cause and prejudice because PCR counsel failed to file a Rule 59(e) motion. (Dkt. No. 21 at 3-4 of 13.)

The state court record presented to this court contained insufficient information to evaluate Petitioner's <u>Martinez v. Ryan</u> argument. Accordingly, on October 24, 2014, the undersigned appointed Attorney Jeremy Adam Thompson to represent Petitioner, concluding that "a hearing may be necessary to address, at minimum, the procedural default issues . . . ." (Dkt. No. 28 at 1.) After two telephonic conferences, Petitioner, through his attorney, filed a Supplemental Response in Opposition to the Motion for Summary Judgment as well as a Motion to Expand the Record. (<u>See</u> Dkt. No. 38; Dkt. No. 39.) On December 11, 2014, Petitioner filed the Affidavit of Leroy Archie. (Dkt. No. 46-1.)

The undersigned recommends granting Petitioner's Motion to Expand the Record (Dkt. No. 39), for the sole purpose of examining cause and prejudice to excuse the procedural default. In <u>Fielder v. Stevenson</u>, No. 2:12-cv-412-JMC, 2013 WL 593657 (D.S.C. Feb. 14, 2013), Judge Childs thoroughly examined a request to expand the record. As noted in her order, Rule 7 of the Rules Governing Section 2254 Cases "authorizes a federal habeas court to expand the record to include additional material relevant to the petition in some situations." <u>Fielder</u>, 2013 WL 593657, at *2. She noted that although § 2254(e)(2) "sets limits on a petitioner's ability to expand the record in a federal habeas proceeding[,] . . . . courts have held that § 2254(e)(2) does not . . . constrain the court's discretion to expand the record to establish cause and prejudice to excuse a petitioner's procedural defaults." <u>Id.</u> at *3 (citing <u>Cristin v. Brennan</u>, 281 F.3d 404, 416 (3d Cir. 2002); <u>Buckman v. Hall</u>, 2009 WL 204403 (D. Or. Jan. 23, 2009)). Judge Childs stated,

> [T]he court retains its discretion to expand the record to allow a petitioner to establish cause and prejudice to excuse a petitioner's procedural defaults. <u>See Cristin</u>, 281 F.3d at 414 (3d Cir.2002). In determining whether to expand the record, a federal court must consider whether doing so "would enable an applicant to prove the petition's factual allegations, which, if true, would entitle

10

the applicant to federal habeas relief." See Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (discussing evidentiary hearings under § 2254).

Fielder, 2013 WL 593657, at *3. The undersigned recommends expanding the record–to examine cause and prejudice for the procedural default–to include the following docket entry numbers: 38-1, 38-2, 38-3, 42-1, and 46-1.

As noted above, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez v. Ryan, 132 S. Ct. at 1315. To establish that PCR Counsel provided ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance "fell below an objective standard of reasonableness"; and (2) he was prejudiced by his counsel's deficient performance. Strickland, 466 U.S. at 687-88. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see also Preyor v. Stephens, 537 F. App'x 412, 421 (5th Cir. 2013) ("To establish ineffective assistance of his initial state habeas counsel, [Petitioner] must show both that habeas counsel's performance . . . was deficient and that he was prejudiced by the deficient performance—that is, there is a reasonable probability that he would have been granted state habeas relief had the claims been presented in the first state habeas application."); Foley v. White, No. 6:00-CV-552-DCR-REW, 2012 WL 6965070, at *9 (E.D. Ky. Nov. 15, 2012), adopted at 2013 WL 375185 (E.D. Ky. Jan. 30, 2013) ("In the context of Martinez, a demonstration of prejudice would require [Petitioner] to show that, but for post-conviction counsel's errors, there is a reasonable probability he 'would have received relief on a claim of ineffective assistance of trial counsel in state court.'" (quoting Leavitt v. Arave, No. 1:93-cv-0024-BLW, 2012 WL 1995091, at *10

11

(D. Idaho June 1, 2012))); Horonzy v. Smith, No. 1:11-cv-00235-EJL, 2012 WL 4017927, at *6 (D. Idaho Sept. 12, 2012) ("The application of the Strickland test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one.").

Examining the evidence presented by the parties, the procedural bar should not be lifted by this court. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Although Petitioner deposes that he does not remember "being instructed as to [his] right to have an attorney appointed to represent" him or "waiving his right to have an attorney defend" him with respect to his 1988 assault and battery with intent to kill charge, he does "acknowledge that the signatures . . . on ECF No. 42-1, pages 8 and 9, are [his] signatures." (Archie Aff. ¶¶ 3-5.) The waivers read as follows:

> The undersigned certifies that he has been informed of the charges against him and the nature thereof, and that he is unable to employ counsel. However, the undersigned now states that he does not at this time desire to apply for the appointment of counsel or for the services of the Public Defender, and expressly waives his desire to services of counsel provided by the State at this time, which he understands he has a right to do.

(Dkt. No. 42-1 at 8-9 of 20.)

Petitioner's claim in Ground One is–essentially–that trial counsel was ineffective in failing to object to the 1988 conviction for assault and battery with intent to kill enhancing the sentence for his 2006 murder conviction. See S.C. CODE ANN. § 17-25-45(A) ("[E]xcept in cases in which the death penalty is imposed, upon a conviction for a most serious offense

12

as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has . . . one or more prior convictions for . . . a most serious offense . . . ."); see id. § 17-25-45(C)(1) (noting that both assault and battery with intent to kill as well as murder are "most serious" offenses). While the 1988 conviction is no longer subject to independent challenge, in Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court considered the question of "whether § 2254 provides a remedy where a current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired." Lackawanna, 532 U.S. at 401. The Court stated,

> [W]e recognize an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a **failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright***, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). . . .
>
> . . .
>
> As with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies. See 28 U.S.C. § 2254(b) (1994 ed., Supp. V). When an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a **failure to appoint counsel in violation of the Sixth Amendment**, the current sentence cannot stand and habeas relief is appropriate.

Lackawanna, 532 U.S. at 404 (emphasis added).

"[E]ven when a collateral attack on a final conviction rests on constitutional grounds, [there is a] presumption of regularity that attaches to final judgments . . . ." Parke v. Raley, 506 U.S. 20, 31 (1992). While Petitioner may not remember executing those waivers, Petitioner does not contend herein that he did not execute them. On the foregoing, the undersigned recommends upholding the procedural bar, as the Petitioner has not "demonstrate[d] that the underlying ineffective-assistance-of-trial-counsel claim is a

substantial one," given its lack of factual support. Martinez, 132 S. Ct. at 1318-19; see also Custis v. United States, 511 U.S. 485, 496 (1994) ("Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon*. We decline to do so. . . . [F]ailure to appoint counsel for an indigent defendant was a unique constitutional defect. Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a 'stipulated facts' trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all."); Faretta v. California, 422 U.S. 806, 807 (1975) (a criminal defendant has a constitutional "right to proceed without counsel when he voluntarily and intelligently elects to do so"); Burgett v. Texas, 389 U.S. 109, 114 (1967) ("*Gideon v. Wainwright* established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one."). The undersigned recommends granting summary judgment to Respondent on Ground One.

**B.    Ground Two: Failure to Preserve Issue for Appellate Review**

In Ground Two, Petitioner contends that counsel was ineffective for failing "to properly preserve for appellate review the issue of whether the trial judge erred in allowing the state pathologist to give speculative testimony outside his field of expertise." (Dkt. No. 1.) Respondent contends that Ground Two is procedurally barred.

In his Final Brief of Appellant, Petitioner asserted the trial court erred in "allowing the forensic pathologist to testify to the distance a person could travel after suffering a lacerated aorta." (See Dkt. No. 15-6 at 4 of 12.) The South Carolina Court of Appeals affirmed, concluding that the issue was not properly preserved for appeal. (See Dkt. No. 15-8 at 2 of

2.) Although Petitioner raised the issue in his petition, no evidence related to Ground Two was presented to the PCR court. Accordingly, the PCR court did not specifically address this claim. Ground Two is therefore procedurally barred. See Montgomery v. Bodison, C.A. No. 6:09-778-HMH-WMC, 2010 WL 297667, at *4 (D.S.C. Jan 20, 2010) (although petitioner raised some claims in his petition, they were procedurally barred because the PCR court did not rule on them, and petitioner did not file a Rule 59(e) motion).

Although the issue is barred, a few points are worth noting. On the claim set forth in Ground Two, "the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." Davis v. Sec'y for Dep't of Corr., 341 F.3d 1310, 1316 (11th Cir. 2003). Given that Petitioner's testimony appears consistent with forensic pathologist's testimony as to the Decedent being mobile after being shot, prejudice appears lacking.

The following exchange occurred during the testimony of Dr. Biscopink:

Q. The shot that you term as the fatal shot, do you have an opinion or in your medical expertise could you tell–or can you tell how far a person would be able to travel after being shot with a nicked aorta?

MR. POTTER: Judge, objection on that question.

THE COURT: Restate your question. He's your expert.

MR. MCELHANNON: Doctor, given the nature of the shot that you just testified to, the defenseive posture that went through the arm and into the thorax, can you tell to a reasonable degree of medical certainty how far a person could travel on their feet with a wound, with a nicked aorta like that?

MR. POTTER: Again, same objection.

THE COURT: Overruled.

A. I'll term it a short distance, and I can't give you an exact number of feet that somebody can continue walking, but it wouldn't be very far, and simply for 2 reasons. One is, is that she's lost a lot of blood into her chest cavity very quickly. So she would become–her blood pressure would drop pretty quickly

> from that, plus the fact that she's got a big hole in the major blood vessel coming from the heart that's going to decrease your blood pressure as well.
>
> So for 2 reasons that she wouldn't, drop in her blood pressure very rapidly, which means she's not going to [be] able to walk very far, and I would say just speculating at this point or an estimate, if you will, somewhere between maybe 10 and 20 feet, but not a distance.

(R. at 187-88.) Petitioner testified that when he was "trapped by Jack" and the Decedent, Cathy, "I pulled my revolver out and shot. Cathy kept coming at me, and I ran back and I shot." (R. at 242-43.) On cross-examination, Petitioner stated,

> The second shot Cathy was coming–the first shot Cathy was coming at me beating with her fist. The second shot Cathy was still coming after me, cursing me. . . .

(R. at 262.) Petitioner is not entitled to habeas relief on Ground Two.

**C.     Ground Three: Failure to Request Manslaughter Charge**

Petitioner asserts in Ground Three that counsel was ineffective in failing "to request a lesser included jury charge of manslaughter." (Dkt. No. 1.) The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance.  Id. at 689.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985).  In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable

16

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." <u>Id</u>. While <u>Strickland</u> itself is a deferential standard, when both § 2254(d) and <u>Strickland</u> apply, "review is doubly" deferential. <u>Harrington v. Richter</u>, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard." <u>Harrington</u>, 131 S.Ct. at 788.

The PCR court did address this claim, stating,

> Applicant claims counsel was ineffective in failing to request the trial judge charge the jury with the lesser included offense of manslaughter. Applicant testified counsel only presented a self-defense theory at trial and refused to try for a voluntary or involuntary manslaughter verdict from the jury.
> Counsel started by testifying that he and Applicant developed a self-defense theory early on in their meetings based on the facts and evidence in the case. Counsel stated there was no dispute that the victim was shot and killed, there was a law enforcement officer that testified at trial to hearing shots and seeing Applicant standing over victim while firing several more shots, and Applicant had given an incriminating statement to law enforcement, all of which was evidence that severely limited their defense options. Counsel went on to say Applicant was facing life without parole if convicted of voluntary manslaughter anyway, so he decided to go with an "all or nothing approach" where either the jury would buy into the self-defense theory or not. Counsel stated he was very concerned with the potential of compromising the jury's verdict by allowing lesser-included charges to be included in the jury's deliberations, and that his request to charge would have been denied anyway had he made it as Judge Macaulay told him during a bench conference that he had not heard enough evidence to charge voluntary manslaughter. Counsel finished by stating that he "knew [he] provided effective assistance of counsel" to Applicant in this matter based on his investigation, preparation and presentation at trial.
> After a thorough review of the testimony presented at the hearing and the record before this Court, I find Applicant has also failed to prove counsel was ineffective in this regard. Counsel articulated a valid, well developed trial strategy for opting not to request a charge on lesser-included manslaughters, especially in light of the evidence and the fact that Applicant was facing life without parole for either a murder or a manslaughter conviction. (*Our courts are understandably wary of second-guessing defense counsel's trial tactics. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance.*

Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992). *See also* Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005) *and* McLaughlin v. State, 352 S.C. 476, 575 S.E.2d 841 (2003).) Further, where Applicant would have received the same sentence that he is currently serving under the murder conviction had the jury found him guilty of voluntary manslaughter. Applicant has failed to prove how counsel's failure to request such a jury charge prejudiced him. Therefore, Applicant has failed to prove either prong of the Strickland test. Accordingly, this allegation is without merit and must be denied and dismissed.

(R. at 381-82.)

The undersigned recommends granting summary judgment to Respondent on Ground Three. Petitioner has not shown that the state court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law, nor has Petitioner shown the state court's adjudication was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). As to the decision to pursue self-defense, and not seek a jury instruction on manslaughter, trial counsel testified as follows,

We had a–the jury was sent out, and Judge Macaulay called counsel to the bench to discuss jury instructions. At that time, Judge Macaulay said, I didn't really hear enough evidence for voluntary instruction. My position on the voluntary instruction was he'd been L-WOPED, which is life without parole. If the jury came back with a conviction on voluntary, he would have been L-WOPED. The theory of the case was self-defense. The theory of the case was–and she was the aggressor. She was the one that was attacking Leroy. Leroy had no choice but to defend himself. The strategic, tactical decision was to argue it was self-defense and focus on the jury there and not let them be confused in regards to voluntary and run the risk of maybe a compromised verdict.

(R. at 345.) On cross examination, trial counsel further stated,

I don't think, based on the testimony, the Judge was not necessarily inclined to argue voluntary. I didn't argue that we wanted that instruction to the Judge, again, because, you know, we wanted to argue self-defense. We wanted to say, you know, he's not guilty because he was defending himself. And the concern was–and this is more tactical–I don't want a jury going back–and if I have some people who are in my corner on self-defense who are leaning my way–be able to say, well, we've got voluntary. We can convict him on that. How about we just do that. And the hope was, you know–the fear was if they went back and they had that option and some people who were hanging on

18

to my self-defense argument would let go and go ahead and go with voluntary.

(R. at 351.) He also testified there was no evidence to support an involuntary manslaughter charge and that he did not think "the Judge would have instructed the jury had I asked for that." (R. at 367.)

Counsel testified as to the strategy behind not requesting a voluntary manslaughter charge,[3] and, as counsel indicated, the evidence did not support an involuntary manslaughter charge. Petitioner is not entitled to federal habeas relief on Ground Three. See McCarver v. Lee, 221 F.3d 583, 594 (4th Cir. 2000) ("In evaluating trial counsel's performance, [the court] must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance."); Anaya v. Lemaster, 202 F.3d 281, at *1 (10th Cir. 1999) (unpublished table decision) (no habeas relief on claim of ineffective assistance of counsel for failing to develop a diminished capacity defense where the state court "determined that defense counsel made a tactical choice not to pursue such an instruction because the evidence was weak and the defense expert concluded that Mr. Anaya's intoxication did not affect his judgment"); Curry v. Warden, No. 6:07-2933-HFF-WMC, 2008 WL 3887648, at *11 (D.S.C. Aug. 21, 2008) (finding the petitioner was not entitled to habeas relief on claim of ineffective assistance of counsel for failure to object to prosecutor's statement in closing argument where, *inter alia*, counsel testified as to his strategic reasons for not objecting); see also Sullivan v. State, 407 S.C. 241, 244-46, 754 S.E.2d 885, 887-88 (Ct. App. 2014) (defendant not entitled to charge on involuntary manslaughter where he asserted he fired the gun to scare the decedent: "Sullivan asserts he was prejudiced because there is evidence to support that he fired the

---

[3]In his Supplemental Response in Opposition to the Motion for Summary Judgment, Petitioner argued that trial counsel should have pursued a voluntary manslaughter charge because the 1988 conviction for assault and battery with intent to kill was uncounseled. (See Dkt. No. 38 at 18.) As set forth in the analysis pertaining to Ground One, an objection to the 1988 conviction would have been meritless.

gun while lawfully armed in self-defense. However, whether he was engaged in a lawful activity is of no consequence if he intentionally fired the gun. When the victim was killed by a gunshot, and no evidence is presented showing the defendant fired the gun unintentionally, the defendant is not entitled to a charge of involuntary manslaughter.").

## D.    Ground Four: Failure Adequately Summarize Evidence

In Ground Four, Petitioner asserts trial counsel was ineffective in "fail[ing] to adequately summarize the evidence during closing summation." (Dkt. No. 1.) Respondent asserts this ground is procedurally barred. (See Dkt. No. 15 at 43.) The undersigned agrees. As with the claim set forth in Ground Two, Petitioner did not present any evidence as to this claim in the PCR proceeding, and the PCR court did not address the issue in its order. The undersigned also agrees with Respondent that the claim set forth in Ground Four is too vague to warrant relief. See Rule 2(c) of the Rules Governing Section 2254 and 2255 Cases (habeas petition must "state the facts supporting each ground"); see also Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds by Yeatts v. Angelone, 166 F.3d 255 (4th Cir.1999); see also Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir.1987) (stating that "a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim" and conclusory statements are insufficient).

## E.    Ground Five: Failure to Object to Failure to Disclose Complete Autopsy Report

Petitioner contends in Ground Five that counsel was ineffective in failing "to object and request a new trial when the prosecution failed to completely disclose the autopsy report of the victim." (Dkt. No. 1.) The PCR court addressed this claim as follows:

> Applicant contends counsel was ineffective in failing to investigate, obtain and present at trial several pieces of evidence to bolster Applicant's self-defense theory. Specifically, Applicant alleges counsel should have obtained and presented at trial . . . a toxicology report from victim's autopsy. . . . Applicant also alleged counsel failed to obtain a copy of a toxicology report from victim's autopsy that showed she was under the influence of

cannabinoids at the time of the shooting. . . . Counsel went on to say with respect to victim's possible drug use, he never saw a toxicology report which he could have introduced at trial, nor did he recall Applicant ever mentioning victim may have been on drugs at the time of the incident, but he did cross-examine Galloway regarding his drug use in the victim's house and elicited testimony that Galloway had previous drug charges including distribution charges.

I find Applicant has failed to prove counsel was ineffective in this regard. . . . Counsel stated he was never in possession of nor did the State ever turn over the results of victim's toxicology report as part of the autopsy report in discovery. I find counsel's conduct was reasonable in not introducing a document that he was never aware of based on his investigation and discussions with Applicant. (*A court 's measurement of reasonableness may be determined or substantially influenced by defendant 's own statements or actions. . . Counsel 's actions are usually based on informed strategic choices made by a defendant and on information supplied by defendant. What investigation decisions by counsel are deemed reasonable depends critically on such information.* Strickland v. Washington, *supra.*) Further, Applicant failed to prove prejudice resulting from counsel's failure to introduce these documents at trial. . . . Regarding the toxicology report, based on the testimony of Applicant and counsel, in addition to a review of the record, I find the introduction of such a report would not have had any substantial impact on the outcome at trial as victim's intoxication would not have bolstered Applicant's self-defense theory in any way since it was based on a history of prior violence. I find Applicant has failed to prove both deficiency in counsel's representation and resulting prejudice in this regard.

(R. at 375-78.)

Petitioner is not entitled to federal habeas relief on Ground Five. The PCR court found that counsel was never aware of the toxicology report. Such a factual finding is "presumed to be correct"; Petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). He has not done so. At the PCR hearing, counsel testified that he did not remember seeing a copy of the toxicology report. (R. at 340-41.) Petitioner also testified that he never saw the toxicology report before or during trial. (R. at 360.) The evidence certainly supports the state court's conclusion that PCR counsel was not aware of any toxicology report, and Petitioner has not met his burden "of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Fisher v.

Lee, 215 F.3d 438, 446 (4th Cir. 2000) ("Fisher has not shown that the state court findings are unreasonable, unsupported, or otherwise erroneous. Indeed, they are supported by competent evidence."); cf. Wilson v. Ozmint, 352 F.3d 847, 860 (4th Cir. 2003) ("These facts do not compel the credibility determination reached by the state court, but they certainly provide sufficient basis, for purposes of section 2254(d)(2), to support such a determination."). Furthermore, the state court found that Petitioner had not established any prejudice because the "introduction of such a report would not have had any substantial impact on the outcome at trial as victim's intoxication would not have bolstered Applicant's self-defense theory in any way since it was based on a history of prior violence." (R. at 378.) Petitioner has not shown that the state court's rejection of this ineffective assistance of counsel claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or that it resulted in a decision based on an unreasonable determination of the facts. See Cagle v. Norris, 474 F.3d 1090, 1097-98 (8th Cir. 2007) (affirming denial of habeas relief where petitioner asserted trial counsel was ineffective in "failing to adequately argue for admission" of evidence that the decedent had methamphetamine in his blood where the petitioner contended he shot the decedent in self defense where, *inter alia*, the petitioner "did not testify that he suspected or was afraid [the decedent] was under the influence of meth or any other drug").

**F.    Ground Six: Failure to Object to Jury Charge on Intent**

In Ground Six, Petitioner asserts that counsel was ineffective for failing to object to the jury charge on intent. Respondent contends this ground is procedurally barred, "too vague to warrant relief," and is without merit. (See Dkt. No. 15 at 46-49 of 56.)

Although Respondent is correct that Ground Six is vague, presumably Petitioner intends to raise the same claim he raised in his application for PCR: that trial counsel was

ineffective "in failing to object to judge instruction charging jury on intent where such charge impermissible <u>require</u> the jury to find intent base on knowledge and conduct of the accused, without finding the element of intent beyond a reasonable doubt." (R. at 323.) Petitioner clearly raised this claim in his application for PCR, but there was no evidence presented on this claim at the PCR hearing, and the PCR court therefore did not address it in the order. It is procedurally barred. Petitioner asserts, however, that he "is entitled to be excused from 'any' procedural bar[] and or default[]" pursuant to <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). Pursuant to <u>Martinez</u>, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez</u>, 132 S. Ct. at 1315. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Id</u>. at 1318 (citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003)); <u>see also Trevino v. Thaler</u>, 133 S. Ct. 1911, 1918 (2013). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. <u>Id</u>. at 1319.

Petitioner appears to complain that the trial judge gave an instruction concerning intent that was cast in the form of a mandatory presumption. From a review of the record, it is unclear exactly to what portion of the jury instruction Petitioner is referring. The trial judge instructed the jury as follows:

> Now, criminal intent is a state of mind that operates jointly with an act or omission in the commission of a crime. Criminal intent is a mental state. Intent includes those consequences which represent the very purpose for which an act is done or known to be substantially certain to result regardless of desire.
>
> Criminal liability is normally based upon concurrence of two factors, an evil meaning mind and an evil doing hand. A person who causes a particular result is said to act purposely for if he consciously desires that result, whatever the likelihood of the result happening from his conduct. The person

23

is said to act knowingly if he is aware that the conduct is particularly certain to follow from his conduct, whatever his desire may be as to that result. Proof of intent necessarily rests from inference to conduct.

. . .

Now, the defendant, Leroy Archie, is charged with murder. To prove murder the State must prove beyond a reasonable doubt that the defendant killed another person with malice aforethought. Malice is hatred, ill will, hostility towards another person. It is the intentional doing of a wrongful act without just cause or excuse and with the intent to inflict injury or under the circumstances that the law will infer an evil intent.

Malice aforethought does not require that malice exists for any particular time before the act is committed but malice must exist in the mind of the defendant just before and at the time the act is committed. Therefore, there must be a combination of previous evil intent and the act.

Malice aforethought may be express or inferred. These terms express and infer do not mean different kinds of malice but merely the manner in which malice may be shown to exist. That is either by direct evidence or by evidence from the facts and circumstances which are proved.

Express malice is shown when a person speaks words which express hatred or ill will for another, or when persons prepared beforehand to do the act which was later accomplished. For example, lying in w[ait] for a person or any other acts or preparation going to show that the deed was within the defendant's mind would be express malice.

Malice may be inferred from the conduct showing a total disregard for human life. Inferred malice may also arise when the deed is done with a deadly weapon.

(R. at 285-86, 289-90.)

The undersigned discerns no mandatory presumption in the above-referenced jury instructions. With no mandatory presumption indicated in the record, it appears Petitioner's ineffective assistance claim is not a substantial one, and Petitioner is not entitled to federal habeas relief on Ground Six. See Martinez, 132 S. Ct. at 1319 (procedural bar applies if "the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or . . . is wholly without factual support"); see also Mason v. Allen, 605 F.3d 1114, 1121 (11th Cir. 2010) ("To the extent that Mason argues that the State failed to advise him of his

*Miranda* rights, we find this claim refuted by the record. Accordingly, we cannot say that the state court's ruling on the legality of his confession is contrary to or an unreasonable application of clearly established federal law .").

### G.    Ground Seven: Ineffective Assistance of Appellate Counsel

Petitioner asserts in Ground Seven that appellate counsel was ineffective in failing "to raise issue of whether the trial judge erred in denying defense counsel's motion for a directed verdict based upon the State's failure to establish the essential element of first degree murder beyond a reasonable doubt."

Respondent contends this ground is procedurally barred because "[w]hile Petitioner arguably raised the claim in his PCR action, it was not ruled upon by the PCR Court . . . ." (Dkt. No. 15 at 49.) Respondent is correct that the claim is barred. See Montgomery v. Bodison, C.A. No. 6:09-778-HMH-WMC, 2010 WL 297667, at *4 (D.S.C. Jan 20, 2010) (although petitioner raised some claims in his petition, they were procedurally barred because the PCR court did not rule on them, and petitioner did not file a Rule 59(e) motion). To the extent Petitioner cites Martinez v. Ryan, 132 S. Ct. 1309 (2012), in support of an argument that the ineffective assistance of PCR counsel may establish cause for the procedural default, such an argument should be rejected. As a preliminary matter, it is not clear that Martinez applies to a claim of ineffective assistance of appellate counsel. See Gore v. Crews, 720 F.3d 811, 815-16 (11th Cir. 2013) ("*Martinez* . .  does not apply in the circumstances of this case because [the petitioner's claim] . . . is not a claim that trial counsel was ineffective."); Hodges v. Colson, 727 F.3d 517, 531 (6th Cir. 2013) ("Under *Martinez*'s unambiguous holding our previous understanding of *Coleman* in this regard is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel."); cf. Johnson v. Warden of Broad River Corr. Inst., No. 12-7270, 2013 WL 856731 (4th Cir. Mar. 8, 2013)

("[B]ecause Johnson alleges only ineffective assistance of *appellate* postconviction counsel, his allegations do not constitute cause for his failure to exhaust under the limited exception in *Martinez*. Instead, his claims fall under the general *Coleman* rule that ineffective assistance of postconviction counsel cannot constitute cause for procedural default."). But see Ha Van Nguyen v. Curry, 736 F.3d 1287, 1295-96 (9th Cir. 2013) (concluding Martinez also applies to a claim of ineffective assistance of appellate counsel).

Even if Martinez applies, Petitioner is not entitled to relief, as there is no merit to the ineffective assistance claim. See Martinez, 132 S. Ct. at 1318 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." (citing Miller-El v. Cockrell, 537 U.S. 322 (2003))); Martinez, 132 S. Ct. at 1319 (procedural default precludes federal habeas review if the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support"); see also Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013). As Respondent notes, Petitioner admitted that he killed the Decedent, Cathy Galloway. (R. at 234.) The State presented evidence at trial that approximately five days prior to the shooting, the Petitioner purchased a gun. (R. at 104-06, 246-47.) There was evidence that the Petitioner and Decedent were moving out of the residence they shared and that there was some disagreement as to the items Petitioner planned to take from the home. (R. at 237-40, 66-67, 111, 120.) The State presented evidence of a lag time of several minutes between the first round of shots and the final shot, and evidence that the final shot was fired after a police officer had arrived. (R. at 69-73, 145-46.) The State presented evidence that after the first round of shots, and after a police officer had arrived on the scene, Petitioner stood over the Decedent–who by that time was laying on the ground–and shot again, this time in the Decedent's face; there was

26

testimony that the gun "click[ed]," or dry fired, several times before the final shot actually fired. (R. at 123-25, 130, 134, 139-42, 148-49.)

Petitioner's assertion that appellate counsel was constitutionally ineffective in failing to raise the issue "of whether the trial judge erred in denying defense counsel's motion for a directed verdict" is not a substantial one, and is therefore procedurally barred. See Martinez, 132 S. Ct. at 1318-19; Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007) ("[U]nder the AEDPA provision codified at 28 U.S.C. § 2254(d)(1), we inquire whether a state court determination that the evidence was sufficient to support a conviction was an objectively unreasonable application of the standard enunciated in Jackson [v. Virginia, 443 U.S. 307 (1979)]."); In re Walter M., 386 S.C. 387, 390-91, 688 S.E.2d 133, 135 (Ct. App. 2009) (rejecting appellant's argument that the family court erred in denying appellant's request for a directed verdict on murder charge "because the State presented no evidence of malice aforethought" where evidence in the record (1) "demonstrates Appellant retrieved a deadly weapon from his brother's closet, walked to another room, opened a window, and pointed the gun," and (2) "it required six pounds of pressure to fire the gun and the recoil on the specific firearm in question was 'negligible,' inferring accidental discharge of the second shot was unlikely"); Brown v. State, 307 S.C. 465, 415 S.E.2d 811 (1992) (counsel's failure to move for a directed verdict "was not deficient performance which prejudiced petitioner," where forensic pathologist testified that "she could not determine a cause of death and although she found no evidence of foul play, she could not rule out strangulation," because the case was properly submitted to the jury where "strangulation was a possible cause of death and in light of the condition in which the body was found"). The undersigned recommends granting summary judgment to Respondent on Ground Seven.

**H.     Ground Eight: Trial Court Error**

Petitioner asserts in Ground Eight that the trial judge "erred in denying [his] request for the substitution of counsel." (Dkt. No. 1.) Respondent contends this ground is procedurally defaulted, as the claim "was an issue that could have been raised during Petitioner's trial and in his direct appeal," and "while Petitioner arguably raised the claim in his post-conviction relief application, no testimony or evidence regarding the claim was presented at the evidentiary hearing." (Dkt. No. 15 at 54.)

On or about August 6, 2006, Petitioner sent a letter to the "Administrative Judge of Anderson County" requesting that "alternative counsel outside the 'public defenders' office be granted." (Dkt. No. 27-20.) In the letter, Petitioner complains that counsel "told" Petitioner to plead guilty, and Petitioner "had to 'urgue' [sic] with [his attorney] to get a jury trial." (Id.) Petitioner requested new counsel because he "do[es] not think [his] counsel will be on [his] side in court." (Id.) From a review of the transcript, it does not appear that the trial court took any action on the letter.

The undersigned agrees with Respondent that the claim is barred. As noted above, the trial court took no action on Petitioner's letter. Presuming the lack of action indicates a denial of the motion, the alleged error was not raised at trial or to any state appellate court. The claim is therefore barred. See Matthews v. Evatt, 105 F.3d 907, 911-17 (4th Cir. 1997), abrogated on other grounds by Miller-El v. Dretke, 545 U.S. 231 (2005); see also Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004); S.C. Dep't of Transp. v. M&T Enters. of Mt. Pleasant, LLC, 379 S.C. 645, 658, 667 S.E.2d 7, 14-15 (Ct. App. 2008) ("It is well settled that an issue must have been raised to and ruled upon by the trial court to be preserved for appellate review. Additionally, if the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review." (citations and internal quotation marks

omitted)); <u>Walker v. Warden of Broad River Corr. Inst.</u>, Civ. A. No. 1:09-2672-HMH-SVH, 2010 WL 3699668, at *12 (D.S.C. Aug. 2, 2010), adopted at 2010 WL 3701331 (D.S.C. Sept. 14, 2010) ("[T]o the extent that the foregoing grounds were not fairly presented to the South Carolina appellate courts, they are procedurally-barred from federal habeas review absent a showing of cause and actual prejudice, or actual innocence."); <u>Montgomery v. Bodison</u>, C.A. No. 6:09-778-HMH-WMC, 2010 WL 297667, at *4 (D.S.C. Jan 20, 2010) (although petitioner raised some claims in his petition, they were procedurally barred because the PCR court did not rule on them, and petitioner did not file a Rule 59(e) motion); <u>Miller v. Padula</u>, C.A. No. 2:07-3149-PMD, 2008 WL 1826495, at *10 (D.S.C. Apr. 23, 2008) (concluding the petitioner's claim that counsel was ineffective for failing to challenge the lack of timely action on the arrest warrant was not properly exhausted because the claim was not raised during the PCR hearing, and "[a]n issue not ruled upon by the PCR judge is not preserved for review on appeal," and the petitioner's "attempt to raise the new issue in his post-trial motion was insufficient to preserve the issue for appeal").

In any event, the undersigned concludes Petitioner's claim is without merit. An indigent criminal defendant has the right to assistance of counsel under the Sixth and Fourteenth Amendments. <u>See Gideon v. Wainwright</u>, 372 U.S. 335 (1963). An indigent defendant, however, does not have the right to a particular lawyer and can demand a different attorney only for good cause. <u>United States v. Gallop</u>, 838 F.2d 105, 107-08 (4th Cir. 1988). Petitioner's complaint against his attorney is that the attorney counseled him to plead guilty. He is not entitled to federal habeas relief on such a claim, especially in light of the evidence the State had against Petitioner. <u>See United States v. Hagen</u>, 468 F. App'x 373, 385 (4th Cir. 2012) (stating that the defendant's "disagreement with his attorney's trial strategies and tactics does not constitute a communication breakdown sufficient to warrant the substitution of counsel"); <u>Bernard v. Davis</u>, Civ. A. No. 5:09-HC-2092-FL, 2010 WL

3835133, at *5-6 (E.D.N.C. Sept. 29, 2010) (no federal habeas relief on claim that trial court violated his Sixth Amendment rights in denying his request for substitute counsel where the petitioner himself stated "I'm not saying that Mr. Cline is not competent and able" but complained that "when I asked him about my particular case, he told me that I didn't have any defense"); see also supra Section G. The undersigned recommends granting Respondent's Motion for Summary Judgment as to Ground H.

## **CONCLUSION**

It is RECOMMENDED that Petitioner's Motion to Expand the Record (Dkt. No. 39) be granted, for the sole purpose of examining cause and prejudice to excuse the procedural default. It is further RECOMMENDED that Respondent's Motion for Summary Judgment (Dkt. No. 14) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is also RECOMMENDED that a certificate of appealability be denied.[4]

IT IS SO RECOMMENDED.

_Wallace W. Dixon_
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

December 16, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[4]A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).