IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Archie, #317590, ) | |
| ) | Civil Action No: 2:13-cv-3052-RMG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Larry Cartledge, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court grant Petitioner's Motion to Expand the Record and Respondent's Motion for Summary Judgment and dismiss the petition without prejudice.

For the reasons explained herein, the Court hereby adopts the R & R, grants the Petitioner's Motion to Expand the Record (Dkt. No. 39) in part and denies it in part, and grants the Motion for Summary Judgment (Dkt. No. 27).

**Background**

Petitioner is a state prisoner convicted by a state court jury of murder and possession of a firearm during the commission of a violent crime. He was sentenced to concurrent sentences of life without parole on the murder charge and five years on the gun charge. He subsequently pursued unsuccessfully a direct appeal and post-conviction relief regarding these convictions and thereafter filed this petition for a writ of habeas corpus in the United States District Court. The petition asserted eight separate grounds for habeas relief, seven of which were related to ineffective assistance of counsel and one claiming that the trial judge erred in denying Petitioner's request for new counsel. (Dkt. No. 1). The first ground asserted that because

1

Petitioner did not have an attorney during the plea and sentencing proceedings for a prior offense, it should not have been counted as a "most serious offense" for purposes of applying South Carolina's Two Strike mandatory life with parole sentence requirement. (Dkt. No. 38 at 4, citing S.C. Code. Ann. § 17-25-45; See ECF No. 15-3 at 87, line 12-p. 90, line 14; PCR App. p. 311, line 12-p. 314, line 14).

Respondent filed a Motion for Summary Judgment on March 7, 2014 (Dkt. No. 14) and a Return to the Petition on the same day (Dkt. No. 15) and Petitioner filed a Response on May 12, 2014 after requesting and receiving an extension of time (Dkt. No. 21). Respondent filed a Reply on May 22, 2014 (Dkt. No. 22).

On October 24, 2014, the Magistrate Judge appointed counsel for Petitioner, finding that "the interests of justice so require[d]". (Dkt. No. 28 at 1, citing 18 U.S.C. § 3006A(a)(2), *United States v. Riley*, 21 Fed. App'x 139, 142 (4th Cir. 2001)). The Magistrate Judge explained that the information presented in the petition indicated that an evidentiary hearing would likely be necessary on whether Petitioner's claim that ineffective assistance of counsel resulting in an unconstitutionally heightened sentence was procedurally defaulted. *Id.* The parties, including Petitioner's appointed counsel, participated in telephone conferences with the Magistrate Judge on November 10, November 17, and December 5, 2014. (Dkt. Nos. 32, 34, and 44). Petitioner filed a Supplemental Response in Opposition to the Motion for Summary Judgment on November 25, 2014 (Dkt. No. 38), and a Motion to Expand the Record on November 26, 2014 (Dkt. No. 39). The Motion to Expand made two requests: first, that the Court consider additional documents submitted as attachments to the Supplemental Response under Rule 7(b) of the Rules Governing Section 2254 Cases in the United States District Courts; and second, that the Court hold an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases.

The Magistrate Judge determined based on the December 5 telephone conference that an evidentiary hearing was unnecessary. (Dkt. No. 44). However, the R & R does recommend expanding the record to include the documents attached to the Supplemental Response for the sole purpose of determining whether there was cause for and prejudice resulting from procedural default of the ineffectiveness of counsel with respect to sentencing issue. Based on the evidence contained therein, the R & R also recommends granting the Motion for Summary Judgment.

## Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting

3

*Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)). While the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, *see Cruz. v. Beto*, 405 U.S. 319 (1972), the court cannot ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s standard for review of federal habeas corpus claims is a difficult one for a petitioning prisoner to meet. Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011) (citation omitted).

4

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a *de novo* determination of those portions of the R & R to which specific objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As to the portions of the R & R to which no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Further, the Court may adopt the Magistrate Judge's analysis and recommendation without explanation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Analysis

The R & R explains the history of Petitioner's conviction, sentencing, post-conviction proceedings, and the instant petition in detail. (Dkt. No. 50). Since Petitioner's objections to the R & R (Dkt. No. 51) argue only the question of whether Petitioner's first and third grounds should be appropriately dismissed on a motion for summary judgment, the Court addresses these two issues here and adopts without further discussion the R & R's discussion of expansion of the record (Dkt No. 50 at 10-11) and the petition's grounds two, four, five, six, seven, and eight. (*Id.* at 7-30). In sum, because the record shows a signed waiver of the right to counsel at the time of the prior uncounseled offense in 1988, and Petitioner has sworn that he acknowledges his valid signature appears on the waiver, it is futile to engage in discussion or analysis of his trial counsel and PCR counsel's effectiveness in their decisions not to challenge, both at sentencing and in the

5

PCR proceedings, the trial judge's use of the prior offense under the Two Strike law to sentence Petitioner to life without parole.

### A. Ground One

In his first ground for relief, Petitioner argues that his trial counsel was ineffective in failing to object to the prosecution's use of an "invalid" prior conviction for enhancement purposes. Because this claim admittedly was not ruled on by the post-conviction relief ("PCR") court and the claim is therefore procedurally defaulted, Petitioner would have to prevail on three separate but interrelated factors in the Court's consideration to obtain a writ of habeas corpus. First, he would need to establish that there was cause for the procedural default and "actual prejudice [resulted from] the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008). In a case where Petitioner had counsel at a PCR hearing, cause for the default may be shown by demonstrating that PCR counsel was ineffective in failing to obtain a ruling on the issue raised in the habeas petition. *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) ("[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.")

Second, he would need to show that the ineffective assistance at trial claim is itself meritorious. To overcome the procedural bar, the ineffective assistance at trial need only have "some merit" in order to meet the *Martinez* requirements. But in order to overcome the motion for summary judgment as to the instant habeas petition, Petitioner must show a genuine issue of material fact on the question of whether his trial attorney's assistance was so ineffective as to produce "a decision that was contrary to, or involved an unreasonable application of, clearly

6

established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

To demonstrate that he was unconstitutionally deprived of effective assistance of counsel, Petitioner must show, pursuant to the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. *Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of *Strickland*, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. And with regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When a federal habeas court reviews a state court's decision denying an ineffective assistance of counsel claim, the standard is even higher, and "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 788 (2011).

Petitioner "acknowledge that the signatures . . . on ECF No. 42-1, pages 8 and 9, are [his] signatures." (Archie Aff. ¶¶ 3-5.) The waivers referred to in the affidavit read as follows: "The undersigned certifies that he has been informed of the charges against him and the nature thereof, and that he is unable to employ counsel. However, the undersigned now states that he does not at this time desire to apply for the appointment of counsel or for the services of the Public

Defender, and expressly waives his desire to services of counsel provided by the State at this time, which he understands he has a right to do." (Dkt. No. 42-1 at 8-9 of 20.)

Petitioner makes no argument that he was incapacitated when he signed the waiver or that it is otherwise invalid. In other words, there is no evidence, or even an allegation, that the plea for the 1988 conviction was obtained in violation of the Constitution's guarantee of the right to counsel. *See Custis v. United States*, 511 U.S. 485, 496 (1994) (restricting the right to collaterally attack a prior conviction used for sentence enhancement to the constitutional right to counsel established in *Gideon v. Wainwright*, 272 U.S. 335 (1963)).

Given this lack of an underlying claim of a constitutional violation that could form the basis for habeas relief, it would be impossible for the Court to find that he was prejudiced by his attorneys' later failure to argue such a constitutional violation. And without an underlying meritorious claim, the Court is also foreclosed from relying on *Martinez* to excuse the procedural default.[1]

## Conclusion

The Court has carefully reviewed the parties' briefing, the record in this case and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 50) as the order of this Court. Accordingly, Petitioner's Motion to Expand the Record is **GRANTED** in part and **DENIED** in part, and Respondent's Motion for Summary Judgment (Dkt. No. 14) is **GRANTED**. Therefore, this petition is dismissed with prejudice.

---

[1] Petitioner has a second line of objection on Ground Three, which is also resolved by the Court's finding on Ground One. Ground Three argues that if the prior conviction were not used in the sentencing process, Petitioner could have sought voluntary manslaughter charge and potentially obtained a reduced sentence if the 1988 conviction were not used to enhance the sentence. The Court's finding as to use of the prior offense in the sentencing process also forecloses this argument.

## Certificate of Appealability

The governing law provides that:

(c)(2)   A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right;

(c)(3)   The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. Section 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. Daniel*, 429 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of the certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 12, 2015
Charleston, South Carolina